UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARCOS VILLACRESES,

                         Plaintiff,

                                                      **MEMORANDUM AND ORDER**
          -against-                                   26-CV-00037 (OEM) (MMH)

DEPARTMENT OF CORRECTIONS
CITY OF NEW YORK,

                         Defendant.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

On January 5, 2026, *pro se* Plaintiff Marcos Villacreses ("Plaintiff") filed this 42 U.S.C.

§ 1983 action against Defendants the New York City Department of Correction (the "DOC") and

the City of New York (collectively, "Defendants").  *See generally* Civil Rights Complaint, Dkt. 1

(the "Complaint" or "Compl.").[1]  That same day, Plaintiff additionally filed a motion for leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *See generally* Application to Proceed in

District Court Without Prepaying Fees or Costs, Dkt. 2 (the "IFP Motion").  Plaintiff's IFP Motion

is granted and, for the reasons stated below, the Complaint is dismissed without prejudice.  Plaintiff

may file an amended complaint within 30 days of the date of this order.

                                    **BACKGROUND**

Plaintiff is currently incarcerated at the Otis Bantum Correctional Center, located at 16-00

Hazen Street, East Elmhurst, New York, and operated by the DOC.  *See* Compl. at 1.  In his

---

[1] Plaintiff's Complaint is ambiguous as to whether he intended to sue only the DOC or both the DOC and the City of New York.  *See* Compl. at 1 (listing "Department of Corrections" and "City of New York" on separate lines in the caption); *id.* at 5 (requesting that "the Department of Correction . . . be held accountable" in his statement for relief); *id.* at 6 (referring to "Respondents" plural and to the "Respondent City" and "DOC" individually in his statement of the facts).  The docket currently lists one Defendant.  Construing *pro se* Plaintiff's Complaint liberally, however, the Court assumes Plaintiff intended to sue both entities.  Separately, the Court notes that its citations to the Complaint reference the page numbers contained in the automatically generated ECF header.

Complaint, Plaintiff alleges that at approximately 9:00 a.m. on April 30, 2025, he slipped and fell in the shower "while inside of Eric M. Taylor Center (EMTC) in the vicinity of Housing Area 8 Main." *Id.* at 6. He contends that Defendants were "negligent[], careless, and reckless in causing, allowing[,] and permitting . . . unsafe[,] hazardous[,] and trap-like conditions" to exist, namely, "improper maintenance, improper lighting, exposed rusted metal, . . . tripping hazards, . . . slippery substance[s] and debris, and no adequate warning." *Id.* at 6-7. As a result of this fall, Plaintiff alleges that he "suffered severe and permanent injuries, the extent of which is still unknown but did include an approximately 4cm laceration to the left finger requiring dermabond and steristrips, back trauma, pain and scarring." *Id.* at 6. "Despite [his] obvious injuries," Plaintiff additionally asserts that he was "denied prompt and appropriate medical attention which further contributed to [his] condition." *Id.* He asks for an "amount not to exceed five hundred thousand doll[a]rs." *Id.* at 5.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S.

2

at 678.  In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." (citations omitted)).

**DISCUSSION**

**A.  Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983.**

Plaintiff's Complaint must be dismissed because it does not plausibly allege a 42 U.S.C. § 1983 ("§ 1983") claim.  In relevant part, § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a claim under § 1983, a plaintiff must allege two elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

The Complaint fails because it does not allege that "defendants deprived [Plaintiff] of a right 'secured by the Constitution or laws of the United States.'"  *Id.*  When bringing an Eighth or Fourteenth Amendment conditions-of-confinement claim,[2] a plaintiff must demonstrate that (1)

---

[2] The Complaint does not state whether Plaintiff is being detained pretrial or postconviction, and it does not state a specific constitutional right that has been violated.  *See generally* Compl.  The Court nevertheless construes the

the deprivation was "sufficiently serious" and (2) that a "defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)); *see Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  The Court construes the Complaint as making two conditions-of-confinement claims: one regarding slippery conditions in the shower and one regarding the denial of medical care after his fall.  The Court discusses each in turn.

### 1.  Slip-and-Fall Claim

Plaintiff's slip-and-fall claim fails on both prongs of the conditions-of-confinement analysis.  First, it does not establish a sufficiently serious deprivation.  Whether a deprivation is "sufficiently serious" is measured objectively and satisfied only when "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [an inmate's] health." *Darnell*, 849 F.3d at 29-30 (quoting *Walker*, 717 F.3d at 125).  The Complaint focuses on a slip-and-fall accident Plaintiff had while in the shower. *See* Compl. at 6.  But it is "well-established in this Circuit that 'allegations of wet floor conditions that cause a prisoner to slip and fall, standing alone, do not satisfy'" this prong. *Lovelady v. Otis Bantum Corr. Facility Rikers Island*, 24-CV-9646 (KMW), 2025 WL 2201064, at *2 (S.D.N.Y. July 29, 2025) (quoting *Luckey v. Jonas*, 18 Civ. 8103 (AT) (KNF), 2019 WL 4194297, at *3 (S.D.N.Y. Sep. 4, 2019)) (dismissing for failure to state a claim allegations that the *pro se* plaintiff, who was similarly incarcerated at the Otis Bantum Correctional Center, slipped and fell in his cell after pipes burst); *see, e.g.*, *Betances v. City Comm'r of N.Y.C. Corr.*, 24-CV-2596 (LTS), 2024 WL 1858221, at *2 (S.D.N.Y. Apr. 29, 2024) (holding that allegations of wet shower floors, without more, were "insufficient to suggest that [the

---

Complaint liberally to afford Plaintiff his strongest arguments. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

4

*pro se* plaintiff] was subjected to an objectively serious risk, in violation of his constitutional rights").

Second, the Complaint does not plausibly state that a defendant official acted with a sufficiently culpable state of mind.  "[P]ersonal involvement" of individual defendants is a prerequisite to a conditions-of-confinement claim, whether brought under the Eighth or Fourteenth Amendment.  *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see, e.g.*, *Leggett v. Oneida Cnty. Corr. Facility*, 21-3033-cv, 2022 WL 10763530, at *2 (2d Cir. Oct. 19, 2022) (finding that "the complaint failed to state a plausible claim against an individual defendant" where "the complaint did not name an individual" at the corrections facility where the plaintiff was being held).  The Complaint, however, offers only broad allegations against "DOC officers" generally, who it asserts were "negligent[], careless, and reckless in causing, allowing[,] and permitting . . . unsafe[,] hazardous[,] and trap-like conditions" to exist.  Compl. at 6.  The Complaint does not name an individual defendant "who might have been personally involved in creating or failing to remediate the allegedly unsafe condition."  *Leggett*, 2022 WL 10763530, at *2 (citing *Brandon*, 938 F.3d at 36).  General allegations of negligence against unidentified officials do not suffice.  *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").[3]

### 2.  Medical Claim

Plaintiff's medical claim fares no better.  In his Complaint, Plaintiff alleges that "[d]espite [his] obvious injuries he was denied prompt and appropriate medical attention which further

---

[3] As discussed in *Darnell*, the conditions-of-confinement analysis under the Eighth Amendment for convicted individuals differs from the conditions-of-confinement analysis for pretrial detainees under the Fourteenth Amendment.  Under the Eighth Amendment, courts apply a "subjective intent requirement for deliberate indifference claims," while, under the Fourteenth Amendment, courts apply an "objective" intent requirement.  *Darnell*, 849 F.3d at 34-35.  Under either standard, however, "due process requires proof of a *mens rea* greater than mere negligence."  *Id.* at 36.

contributed to [his] condition." Compl. at 6. He does not offer any other facts. *See* Compl. at 6-7. As alleged, this conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. But even if it were sufficient to state a claim, as discussed above, Plaintiff has not identified any individual against whom this claim is made, nor that any particular individual had the intent necessary to state a conditions-of-confinement claim.[4]

## B. Plaintiff Fails to State a Claim Against the City of New York.

Plaintiff's claims against the City of New York fail for the additional reason that the Complaint has not alleged "facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights," as required when suing a municipality under § 1983. *Garland v. City of New York*, 1:22-CV-10947 (LTS), 2023 WL 2898625, at *4 (S.D.N.Y. Apr. 10, 2023) (first citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); then citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Instead, the Complaint alleges a discrete fall and denial of medical attention that "do[] not include anything to suggest that a policy, custom, or practice of the City of New York caused a violation of [Plaintiff's] federal constitutional rights." *Garland*, 2023 WL 2898625, at *5; *see also Leggett*, 2022 WL 10763530, at *1 ("The complaint does not contain any facts that could support a reasonable inference that the alleged wrongdoing, whether relating to his conditions of confinement or his medical treatment, occurred pursuant to a policy or custom of the County or its correctional facility." (first citing *Monell v. Dep't of Soc. Servs.*,

---

[4] To the extent that Plaintiff alleges a slip-and-fall negligence claim, that claim is not cognizable under § 1983 because it is a cause of action governed by state, rather than federal, law. *See Betances*, 2024 WL 1858221, at *2 ("Negligence is not a basis for a Section 1983 claim for a constitutional violation."); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of *state* law is not cognizable under § 1983." (emphasis added) (citing *Davis v. Scherer*, 468 U.S. 183, 193-95 (1984))). New York State court, rather than federal court, is the proper forum for a state-law negligence claim.

436 U.S. 658, 692-94 (1978); then citing *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004))).

### C. The DOC Is Not a Proper Defendant.

The New York City Charter additionally provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and *not in that of any agency*, except where otherwise provided by law." N.Y.C. Charter § 396 (emphasis added). Because the DOC is not a suable entity, Plaintiff's claims against the DOC fail. *See, e.g.*, *Corrow v. Dep't of Corr.*, 25-CV-05953 (NRM) (LGD), 2025 WL 3216611, at *1-2 (E.D.N.Y. Nov. 17, 2025) (dismissing for failure to state a claim a 42 U.S.C. § 1983 claim brought by a *pro se* incarcerated plaintiff against the DOC); *Simmons v. N.Y.C. Dep't of Corr.*, 23-CV-7829 (RPK) (RML), 2025 WL 821682, at *3 (E.D.N.Y. Mar. 14, 2025) (same).

### CONCLUSION

Accordingly, Plaintiff's action is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting each claim. Plaintiff should describe what each named Defendant or Defendants did or did not do, and how each Defendant caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event. Finally, Plaintiff must set forth the remedy he seeks. Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint. The amended complaint must be captioned "Amended Complaint" and include docket number 26-CV-00037 (OEM) (MMH). For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal

Assistance Project in Brooklyn by calling (212) 382-4729 or online at https://www. citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to file an amended complaint within 30 days of the date of the entry of this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

_____/s/_____

ORELIA E. MERCHANT
United States District Judge

February 10, 2026
Brooklyn, New York

8